# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:01cr186-2

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Vs. | ) ORDER |
| | ) |
| CHARLES A. SHERRILL, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the court on petitioner's Motion for Leave to Amend Pre-Sentence Investigation Report (#35). In that motion, defendant states that the Bureau of Prisons ("BOP") has declined his application to participate in the Residential Drug Abuse Treatment Program ("RDAP") because the Presentence Report must show a qualifying substance abuse problem. He states that this court "recommended that Sherrill enroll in, and complete a one-hundred (100) hour and five-hundred (500) hour substance abuse program...." Defendant goes on to state that the pretrial services officer failed to get all the facts and asks that this court amend his PSR to reflect that he has an ongoing drug problem.

First, the court made no recommendation as to participation in a 100 or 500 hour program. The court actually recommended, as follows:

> [That defendant] Participate in any available substance abuse treatment programs while incarcerated and if eligible receive benefit of 18:3621(e)(2).

Judgment (#29), at 2. Second, the portion of the PSR that addresses defendant's problems with substance abuse provides as follows:

<u>Substance Abuse</u>

52. The defendant reports that he started drinking alcohol and smoking marijuana when he was in high school. He drank on the weekends and

-1-

> smoked every chance he had. He has not used either substance since 1995. Because of his history, he attended the substance abuse treatment program at Central Jail. At the time of the presentence interview, he was in transition from the 28-day program to the continuing care/aftercare program. Mr. Sherrill reports that he also attended outpatient substance abuse treatment in 1995 following his second Driving While Impaired conviction. Although he knew the location of the clinic, he was unable to recall the name of the facility.

PSR (#26), at 12.[1] Such report suggests to this court that at the time of sentencing defendant was still struggling with addiction as he was transitioning from a 28-day program to aftercare. The court would read that portion of the PSR as suggesting that defendant was suffering from dependency issues at the time of sentencing, resulting in the limited recommendation that he "[p]articipate in any available substance abuse treatment programs while incarcerated and if eligible receive benefit of 18:3621(e)(2)." Whether such is sufficient to receive the full benefit of RDAP is not, however, for this court to decide and is left up to the sound and final determination of the BOP. Indeed, this court cannot afford defendant the relief he seeks because, according to 18 U.S.C. § 3582, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582. None of the exceptions to such rule apply here. See 18 U.S.C. § 3582 (c)(1)(A),(B).

Although defendant's request is not something this court can grant, the court may make a recommendation to the BOP that an inmate be allowed to participate in a particular program. The court's recommendation is not binding on the BOP. The court understands that there are eligibility requirements for the Residential Drug Treatment Program. Under the BOP's criteria for placement in the program, the petitioner must have a "verifiable documented drug problem." Federal Bureau of Prisons, U.S. Dept. of Justice, *Drug Abuse Programs Manual - Inmate, Program Statement* 5330.10 (1997). In order to demonstrate

---

[1] The court unseals such report only to extent necessary to address plaintiff's specific concern.

such a drug problem, "[t]he inmate must meet the diagnostic criteria for substance abuse or dependence indicated in the *Diagnostic and Statistical Manual of the Mental Disorders*, Fourth Edition, (DSM - IV)." Id. Under the DSM-IV criteria, an inmate must demonstrate drug use at least a year prior to sentencing to be diagnosed as has having a drug problem.

The court has reviewed the original judgment in this matter and petitioner's Presentence Report. The pretrial services report documented defendant's participation in an intensive outpatient drug treatment program while on pretrial release and then participation in aftercare. Based on such information, the court will make a non-binding recommendation that Bureau of Prisons closely review petitioner's history of drug abuse and participation in an outpatient drug treatment program sponsored by the court while on pretrial release.

***

Defendant is advised that this is the <u>most</u> the court can do as the decisions of the BOP are not subject to review by this court.

**ORDER**

**IT IS, THEREFORE, ORDERED** that petitioner's Motion for Leave to Amend Pre-Sentence Investigation Report (#35) is hereby **DENIED**; however, the court makes a non-binding **RECOMMENDATION** as follows:

> in considering whether petitioner qualifies for the Residential Drug Treatment Program, that the Bureau of Prisons closely review petitioner's history of drug abuse and participation in an intensive outpatient drug treatment program sponsored by the court while on pretrial release, as documented in the original Presentence Report. If the Bureau of Prisons determines that petitioner qualifies for participation in its program, the court would recommend that he be allowed to participate in that opportunity as defendant could benefit from further counseling on issues of addiction.

The Clerk of this court is respectfully instructed to send a copy of this Order to the Warden of FCI Morgantown for consideration by petitioner's case manager and to **Officer Golden, USPO**, for further review of any notes concerning defendant's substance abuse and to provide any information to the case manager that may be helpful.

Signed: March 8, 2012

Max O. Cogburn Jr.
United States District Judge